**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

THOMAS PERRY WELLS, JR,

      Plaintiff,

v.                                     CASE NO. 4:10-cv-00441-MP-CAS

KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,

      Defendant.

_____/

# O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated September 18, 2012. (Doc. 57). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a *de novo* determination of plaintiff's timely filed objections.

Plaintiff brings a claim that his First Amendment rights were infringed by Defendant's phone list rule which barred inmate phone calls to cell phone numbers. The Magistrate Judge concluded that Defendant's phone list rule amendment allowing for inmate calls to cell phones moots Plaintiff's claim. Plaintiff's objections are mostly a restatement of arguments he presented in his response (doc. 55) to Defendant's motion to dismiss, (doc. 48) and add nothing that would cause the Court to modify the Magistrate Judge's findings in the Report and Recommendation, (doc. 57). Plaintiff's objections can be pared down to two main arguments. First, Plaintiff challenges the Magistrate Judge's finding that the rule change was the product of substantial deliberation and not just an attempt to manipulate jurisdiction. (Doc. 58 at 2).

Second, Plaintiff claims that Defendant has "failed to meet his heavy burden of making it

absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."

(Doc. 58 at 3). Both of these objections are without merit.

Plaintiff first argues that the amendment of the phone list rule was not the product of

"substantial deliberation," but was a reaction to Plaintiff's lawsuit. (Doc. 58 at 2-3). However, as

the Magistrate Judge noted, (doc. 57 at 9-10), the Florida Department of Corrections amended

the rule pursuant to Florida's Administrative Code, which included publicly publishing the

proposed rule and allowing for comment. Eleventh Circuit cases that have considered the

"substantial deliberation" requirement have looked to whether the government rule or policy was

changed quickly and secretly. *See Harrell v. The Fla. Bar*, 608 F.3d 1241, 1267 (11th Cir. 2010)

(holding the case not moot, finding the circumstances raised "a substantial possibility that 'the

defendant has . . . changed course simply to deprive the court of jurisdiction," where the

government body "acted in secrecy, meeting behind closed doors and, notably, failing to disclose

any basis for its decision"); *Chandler v. Kopelousos*, 2011 WL 1791299, *4 (M.D. Fla. 2011)

*rev'd on other grounds by Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194 (11th Cir.

2012) (finding the case not moot where a detained motorist complained about a policy and the

agency immediately stopped practicing the policy in order to research whether the policy was

unlawful). The Court agrees with the Magistrate Judge's conclusions that the open and slow-

moving nature of the rule amendment process set forth in Florida's Administrative code strongly

suggests that the amendment of the phone list rule was the product of "substantial deliberation."

(Doc. 57 at 9-11).

Plaintiff further claims that a gap of one year between the filing of his lawsuit and the

amending of the rule "does not preclude the probability that the amendment was initiated to

divest this Court of jurisdiction, i.e., since such actions have been used as defensive strategies/tactics in other cases." (Doc. 58 at 3).  While the time gap by itself does not preclude the *possibility* that the amendment was initiated to divest this Court of jurisdiction, the other factors relied on by the Magistrate Judge—the use of Florida's Administrative Code, the process of formal rule amendment commencing after the release of a Report and Recommendation favorable to Defendant, and the presumption afforded to the government in mootness inquiries—support a finding that the amendment was not initiated to divest the Court of jurisdiction.

Additionally, Plaintiff claims that "merely because the Defendant initiated the process to amend the rule on the heels of the issuance of a favorable report and recommendation [sic] does not clearly suggest that it wasn't an effort to manipulate this Court's jurisdiction, i.e., since the Defendant had no way of knowing, with absolute certainty, that said report and recommendation would've been adopted by the Court, in fact, it was partially rejected and the Defendant's motion for summary judgment was denied in part." (Doc. 58 at 3).  Similar to the time gap objection, the timing of the rule amendment following a favorable Report and Recommendation, by itself, does not preclude the possibility that the amendment was initiated to divest this Court of jurisdiction; however, it does provide support for the Magistrate Judge's conclusion that the rule amendment was not initiated to divest this Court of jurisdiction.  This conclusion is further buttressed by the other factors relied on by the Magistrate Judge: the use of formal rule-making procedures via Florida's Administrative Code and the presumption afforded to the government in mootness inquiries. (Doc. 57 at 10-12).  In sum, Plaintiff's objections to the Magistrate Judge's finding that the rule change was the product of "substantial deliberation" and not just an attempt to manipulate jurisdiction are without merit.

In his second line of reasoning, Plaintiff claims that Defendant has "failed to meet his heavy burden of making it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." (Doc. 58 at 3). As the Magistrate Judge explained, however, "governmental entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume illegal activities," and "the Eleventh Circuit has applied a rebuttable presumption in favor of government defendants." (Doc. 57 at 8, n. 2) (internal citations and quotations omitted). Plaintiff has not shown any convincing evidence to overcome this presumption in favor of Defendant. As persuasively articulated by the Magistrate Judge:

> Defendant has advised on the record that it does not commit to the amended rule remaining in place permanently and that it must evaluate how effective the rule is against the security interests presented. Nevertheless, the same position could be said for nearly every rule that is enacted: what seemed like a good idea at the time, in principle, may need adjustments and refinements to its practical application. The Department's amended rule is now in effect, and it is reasonable to believe that the Department will move forward and make changes as may be needed to ensure safety, while preserving the intended purpose. Yet considering the advancements made in technology, it is unlikely that the amended rule cannot be tweaked enough to enable its continued existence, notwithstanding the valid security interests put forth by the Department.

(Doc. 57 at 10). The Court agrees with this analysis; hence, Plaintiff's objection concerning the possibility of a reversion by Defendant regarding the phone list rule is meritless.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.     The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.      Defendant's motion to dismiss (doc. 48) is GRANTED and this case is
         DISMISSED as moot.

**DONE AND ORDERED** this _20th_ day of November, 2012

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge